# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheldon Roy Hanshaw, | No. CV-14-02575-PHX-NVW (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Petitioner Sheldon Roy Hanshaw has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## I.   SUMMARY OF CONCLUSION

On September 13, 2008, Petitioner was sentenced. The trial court dismissed Petitioner's PCR petition on November 24, 2009.  Petitioner did not submit a timely petition to the Arizona Court of Appeals.  Petitioner's limitations period was tolled until December 29, 2009. The instant petition was due on December 29, 2010, absent equitable tolling, but it was not filed until November 21, 2014. Because there are no grounds for equitable tolling, the Court concludes that Petitioner's claims are untimely.  Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

1

## II.   BACKGROUND

2

### a.  Facts of the Crimes

3

The Presentence Report includes a summary of the underlying facts of Petitioner's

4

crimes:[1]

5

On October 26, 2007, Phoenix Police Officer B. Huskisson, working
as part of a task force with the federal Alcohol, Tobacco and Firearms
department, was on surveillance. He was sitting in his undercover vehicle
as officers waited to contact the defendant, who was believed to be
associated with a criminal prison gang. The defendant's car was then
reported to be entering an alley, and Officer Huskisson drove his vehicle
down the alley, then parked his vehicle to one side. The officer stated he
then saw six federal agents with their guns drawn pointing at the
defendant's car, which was moving down the alley. The defendant then
accelerated to 20 to 30 m.p.h. and came to Officer Huskisson's vehicle. The
defendant's car, a passenger car, struck the undercover vehicle in the front
passenger side. (Counts I & II) The defendant's car then tipped over on the
driver's side, and the defendant got out and ran, dropping a handgun as he
ran. (Count IV) A.T.F. Officer P. Forcelli's vehicle was also possibly struck
by the defendant's vehicle. (Count III) No further information was given in
the police departmental report.

6

7

8

9

10

11

12

13

Officer Huskisson told an investigating officer that his vehicle had
not been blocking the alley, and there had been room for the defendant to
pass him. The officer reported he had pain in his knee, ankle, back and neck
and went to a hospital to be evaluated.

14

15

16

(Doc. 14-1, Ex. F, at 23.)

17

### b.  Charges, Convictions, and Sentencing of Petitioner

18

On February 28, 2008, the State of Arizona charged Petitioner with three counts of

19

class 2 dangerous Aggravated Assault, and one count of Misconduct Involving Weapons.

20

(Doc. 14-1, Ex. A, at 3.)   The State also alleged Petitioner had seven prior felony

21

convictions.  (Doc. 14-1, Ex. C, at 11.)

22

On July 30, 2008, Petitioner pleaded guilty to all four counts, without a plea

23

agreement.  (Doc. 14-1, Ex. E, at 19; Doc. 14-2, Ex. W, at 121-22.)   The trial court

24

advised Petitioner he could receive a total sentence of 120 years imprisonment, and that

25

there were no agreements or assurances as to the sentence to be imposed.  (Doc. 14-2, Ex.

26

W, at 117.) The court also advised Petitioner:  "You also understand that by entering into

27

---

28

[1] In Arizona, the factual basis for a guilty plea "may be ascertained from the record
including presentence reports, preliminary hearing reports, admissions of the defendant,
and from other sources." *State v. Varela*, 587 P.2d 1173, 1175 (1978).

1
2
3
4
5
6

this plea, your only right to seek review of these proceedings is to file a petition for Post Conviction Relief within 90 days of sentencing, and if that is denied your only other avenue for relief would be the Court of Appeals. Do you understand that?" (Doc. 14-2, Ex. W, at 121.) Petitioner told the court he understood. (*Id*.) After conducting a plea colloquy, the trial court accepted Petitioner's guilty plea to all four counts as charged. (Doc. 14-2, Ex. W, at 128.)

7
8
9
10

 On September 30, 2008, the court sentenced Petitioner. (Doc. 14-2, Ex. X, at 134.) Petitioner was sentenced to concurrent terms of 21 years' imprisonment for Counts 1, 2, and 3.  (*Id*. at 166.) The court sentenced Petitioner to a consecutive term of 12 years imprisonment for Count 4. (*Id*.)

11

### c. Petitioner's First Post-Conviction Relief Proceeding

12
13
14
15
16
17
18

On October 22, 2008, Petitioner filed a *pro se* PCR Notice. (Doc. 14-1, Ex. H, at 34.) On May 19, 2009, Petitioner, through counsel, filed a memorandum in support of the petition for post-conviction relief.  (Doc. 14-1, Ex. J, at 42.)  Petitioner challenged the sufficiency of the factual basis of his plea and alleged that trial counsel provided deficient advice regarding the elements of the offenses. (Doc. 14-1, Ex. J, at 44-49.) On November 24, 2009, the court denied the petition.  (Doc. 14-1, Ex. M, at 87-88.)  No petition for review was filed.

19

### d. Petitioner's Second Post-Conviction Relief Proceeding

20
21
22
23
24
25
26

On November 29, 2012, Petitioner filed a Motion for Correction of Error, pursuant to Rule 24.4 of the Arizona Rules of Criminal Procedure. (Doc. 14-2, Ex. N, at 3.) Petitioner challenged his flat-time sentence, community supervision, the court's reliance on his prior felony convictions, the imposition of a consecutive sentence, and the failure of the court to announce a minimum sentence. (*Id*.) On January 11, 2013, the trial court ruled that Petitioner's motion was a successive Rule 32 proceeding and dismissed the proceeding. (Doc. 14-2, Ex. O, at 22.)

27
28

On February 11, 2013, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (Doc. 14-2, Ex. P, at 25.) The court granted review, but summarily denied relief. (Doc. 14-2, Ex. R, at 50.) The court held that Petitioner's "claims extended beyond

correction of clerical mistakes; therefore, the trial court correctly addresses his motion as a petition for post-conviction relief." (Doc. 14-2, Ex. R, at 52.)  The court further noted that because the "proceeding is successive and untimely, any claim other than one pursuant to Rule 32.1(d), (e), (f), (g), or (h), is barred or precluded." (*Id*., citing Ariz. R. Crim. P. 32.2(b) and 32.4(a).) The court held that Petitioner had "not established that any of his claims fall into the above exceptions." (*Id*.)  On May 27, 2014, Petitioner filed a petition for review in the Arizona Supreme Court.  (Doc. 14-2, Ex. S, at 54.)  The petition was summarily denied on October 20, 2014. (Doc. 14-2, Ex. U, at 103.)

### e.  Petitioner's Federal Habeas Petition

On November 21, 2014, Petitioner filed this habeas Petition. (Doc. 1.) On May 1, 2015, Respondents filed a Limited Answer to the Petition.  (Doc. 14.)  On June 26, 2015, Petitioner filed a Reply (Doc. 17) and Memorandum (Doc. 18).  Petitioner raises the following grounds for relief:

1. Trial counsel was ineffective in connection with sentencing in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights based upon a failure to advise of consecutive sentencing, flat-time sentencing, and oral pronouncement of community supervision;

2. The trial court failed to verbally announce Petitioner's consecutive sentence of community supervision in violation of Petitioner's Sixth, Eighth, and Fourteenth Amendment rights;

3. The trial court failed to announce whether Petitioner's "sentence was flat time or an 85% requirement" in violation of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights; and

4. The trial court incorrectly interpreted Petitioner's Motion for Correction as a second Rule 32 petition in violation of Petitioner's Fourteenth Amendment rights.

(Doc. 1.)

## III.   THE PETITION IS UNTIMELY.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244.

- 4 -

1

### a. Time Calculation

2      The AEDPA imposes a one-year limitation period, which begins to run "from the

3 latest of . . . the date on which the judgment became final by the conclusion of direct

4 review or the expiration of the time for seeking such review."   28 U.S.C. §

5 2244(d)(1)(A).

6      On September 13, 2008, Petitioner was sentenced pursuant to his pleas of guilty.

7 (Doc. 14-2, Ex. X, at 166.)  Petitioner had 90 days from that date to timely file an "of-

8 right" petition for post-conviction relief. Ariz. R.Crim. P. 32.4(a) ("In a Rule 32 of-right

9 proceeding, the notice must be filed within ninety days after the entry of judgment and

10 sentence"). *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state

11 prisoner who does not seek review in a State's highest court, the judgment becomes

12 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . .").

13      ### b. Statutory Tolling

14      The AEDPA provides for tolling of the limitations period when a "properly filed

15 application for State post-conviction or other collateral relief with respect to the pertinent

16 judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction

17 review is pending once a notice of post-conviction relief is filed.  *See Isley v. Arizona*

18 *Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a)

19 ("A proceeding is commenced by timely filing a notice of post-conviction relief with the

20 court in which the conviction occurred.").

21      On October 22, 2008, Petitioner filed a timely PCR notice. (Doc. 14-1, Ex. H, at

22 34.)  The one-year deadline to file a federal habeas will be tolled while "a properly filed

23 application for State post-conviction . . . review . . . is pending."  28 U.S.C. § 2244(d)(2).

24 The trial court denied the petition on November 24, 2009.  (Doc. 14-1, Ex. M, at 87-88.)

25 Petitioner had 35 days to file a timely petition for review with the Arizona Court of

26 Appeals. *See* Ariz. R. Crim. P. 32.9(c) (providing a 30-day deadline from "the final

27 decision of the trial court on the petition for post-conviction relief or the motion for

28 hearing"); Ariz. R. Crim. P. 1.3(a) (providing "five calendar days shall be added to the

1    prescribed period" after service by mailing). Petitioner did not file a petition for review

2    with the court of appeals. Petitioner's limitations period was tolled until December 29,

3    2009.

4         The statute of limitations was not tolled by Petitioner's Motion for Correction of

5    Error filed on November 29, 2012. The Arizona Court of Appeals found this motion was

6    "successive and untimely."  (Doc. 14-2, Ex. R, at 52.)   This filing was not a "properly

7    filed" state action for post-conviction relief because it was untimely.  *See Pace v.*

8    *DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their

9    form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition

10   as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §

11   2244(d)(2)."). Once the AEDPA limitations period expires, a subsequently filed state

12   post-conviction proceeding cannot restart the statute of limitations.  *Ferguson v.*

13   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit

14   the reinitiation of the limitations period that has ended before the state petition was

15   filed").

16         Here, the instant petition was due December 29, 2010, absent equitable tolling.

17         **c.  Equitable Tolling**

18         "A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must

19   show that (1) some 'extraordinary circumstance' prevented him from filing on time, and

20   (2) he has diligently pursued his rights."  *Holland v. Florida*, 560 U.S. 631, 649, 130

21   S.Ct. 2549, 177 L.Ed.2d 130 (2010)."  *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir.

22   2015). The petitioner bears the burden of showing that equitable tolling should apply.

23   *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  Equitable tolling

24   is only appropriate when external forces, rather than a petitioner's lack of diligence,

25   account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046,

26   1048–49 (9th Cir. 2010).  Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–*

27   *Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009).  Petitioner must show that "the

28   extraordinary circumstances were the cause of his untimeliness and that the extraordinary

1  circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d

2  952, 959 (9th Cir. 2010).  "Indeed, 'the threshold necessary to trigger equitable tolling

3  [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*,

4  292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Marcello*, 212 F.3d at 1010).

5         In his Petition, Petitioner asserts he was "not aware that his sentence(s) were

6  considered as flat-time . . . ." (Doc. 1 at 5.)  In his Reply, Petitioner "denies he is not

7  entitled to equitable tolling." (Doc. 17 at 2.)  In his Points and Authorities, Petitioner

8  asserts that his claims are newly discovered.  (Doc. 18 at 7.)  Whether equitable tolling is

9  applied is reviewed on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171

10 (9th Cir. 2012) ("AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each

11 claim in a habeas application on an individual basis"); *Butler v. Long*, 752 F.3d 1177,

12 1181 (9th Cir. 2014) (holding that petitioner was "entitled to equitable tolling" because §

13 2244(d)(1) applies to each claim on an individual basis).

### i.  Grounds One through Three are not newly discovered.

15        Petitioner does not establish equitable tolling because Grounds One through Three

16 are not newly discovered. These claims concern (1) whether counsel was ineffective by

17 failing to advise Petitioner of the importance of oral pronouncement at sentencing and the

18 possibility of consecutive or flat-time sentences, and (2) whether the trial court erred by

19 failing to make oral pronouncements at sentencing.  Here, the trial court advised

20 Petitioner at his plea hearing that he could receive a sentence "of up to 120 years"

21 imprisonment if the judge "stacked everything." (Doc. 14-2, Ex. W, at 116-17.) Petitioner

22 was informed of the potential of community supervision when the trial court told him that

23 "you would have to do a consecutive term of community supervision, which is like what

24 we used to call parole . . . ." (*Id*. at 118.) During sentencing, the court announced "[w]ith

25 regard to Count 4; however, I do think that a consecutive sentence is warranted in that

26 matter." (Doc. 14-2, Ex. X, at 166.)  The imposition of community supervision is

27 explicitly stated in the sentencing minute entry. (Doc. 14-1, Ex. G, at 30.)  Petitioner had

28 the ability to ask his attorney and the court whether he was eligible for community

1    supervision and whether the court was required to announce its application at sentencing.

2    *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the

3    prisoner knows (or through reasonable diligence could discover) the important facts, not

4    when the prisoner recognizes their legal significance.")."

5         Petitioner's claim that he was unaware the trial court was required to make oral

6    pronouncements, even if true, does not justify equitable tolling. A petitioner's *pro se*

7    status, ignorance of the law, and lack of representation during the applicable filing period

8    do not constitute circumstances justifying equitable tolling because such circumstances

9    are not "extraordinary." *See Waldron–Ramsey*, 556 F.3d at 1013 n.4 ("a pro se

10   petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting

11   equitable tolling"), cert. denied, 558 U.S. 897 (2009); *Rasberry v. Garcia*, 448 F.3d 1150,

12   1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself,

13   an extraordinary circumstance warranting equitable tolling."); *Johnson v. United States*,

14   544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or

15   procedural ignorance as an excuse for prolonged inattention when a statute's clear policy

16   calls for promptness.").

17                              **ii.   Ground Four**

18        Petitioner is not eligible for equitable tolling on Ground Four because it concerns a

19   state legal ruling, not a "factual predicate of the claim" as required by in § 2244(d)(1)(D).

20             **d.   Petitioner's claims regarding a flat-time sentence are not cognizable.**

21        Petitioner's claims concerning sentencing are also not cognizable because they

22   concern applications of state law. The gravamen of the Petition is that Petitioner recently

23   learned he was subject to a flat-time sentence. Petitioner states that when he was "advised

24   by the Arizona Department of Corrections" that his sentences would be served "flat

25   time," he "immediately sought intervention from the trial court." (Doc. 18 at 8.)  Whether

26   Petitioner is subject to a flat-time sentence under state law is not cognizable on habeas

27   corpus review. The habeas statute, 28 U.S.C. § 2254, "unambiguously provides that a

28   federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground

1    that he is in custody in violation of the Constitution or laws or treaties of the United

2    States.'" *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam) (quoting 28 U.S.C. §

3    2254(a)).

4          Whether Petitioner is subject to a flat-time sentence under Arizona law is a state-

5    law question. "[F]ederal habeas corpus does not lie for errors of state law." *Estelle v.*

6    *McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

7    Whether the trial court was required to advise him of his eligibility for community

8    supervision under state law is a state procedural question. *See Poland v. Stewart*, 169

9    F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction . . . to review state

10   court applications of state procedural rules."). The Court is mindful that the grounds for

11   equitable tolling under § 2244(d) are highly fact-dependent and considered on a case-by-

12   case basis.  *See Holland v. Florida*, 560 U.S. 631 (2010); *Laws v. Lamarque*, 351 F.3d

13   919, 922 (9th Cir. 2003).  Petitioner has not established that equitable tolling is warranted

14   in this proceeding.

15         The Petition is untimely because it was not filed within the deadline established by

16   28 U.S.C. § 2244(d)(1). Absent equitable tolling or other exception, the Petition will be

17   dismissed with prejudice, regardless of the margin of untimeliness. *See United States v.*

18   *Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (federal habeas petition submitted one day

19   late was properly dismissed as untimely under AEDPA, noting that a "missed" deadline

20   "is not grounds for equitable tolling"); *Hartz v. United States*, 419 Fed. Appx. 782, 783

21   (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where

22   petitioner "simply missed the statute of limitations deadline by one day"); *Lookingbill v.*

23   *Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) ("[w]e consistently have denied tolling even

24   where the petition was only a few days late"); *United States v. Locke*, 471 U.S. 84, 100–

25   01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally

26   acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the

27   filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise,

28   by filing late—even by one day.").

1      This Petition was due on December 29, 2010. It was filed on November 21, 2014.

2   The Petition is untimely.

3   **IV.    EVIDENTIARY HEARING**

4      An evidentiary hearing is not warranted regarding Petitioner's claims, including

5   equitable tolling, because the record is sufficiently developed to resolve this question. A

6   habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when

7   he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'"

8   *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d

9   919, 919 (9th Cir. 2003).  Petitioner has not asserted grounds for equitable tolling, and an

10  evidentiary hearing is not mandatory.

11                                    **CONCLUSION**

12     The record is sufficiently developed and the Court does not find that an

13  evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638

14  F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that

15  Petitioner's claims are untimely. The Court will therefore recommend that the Petition for

16  Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

17     **IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas

18  Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

19  **PREJUDICE**.

20     **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

21  leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the

22  Petition is justified by a plain procedural bar and jurists of reason would not find the

23  procedural ruling debatable.

24     This recommendation is not an order that is immediately appealable to the Ninth

25  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

26  Appellate Procedure, should not be filed until entry of the district court's judgment. The

27  parties shall have 14 days from the date of service of a copy of this Report and

28  Recommendation within which to file specific written objections with the Court. *See* 28

1    U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days

2    within which to file a response to the objections.

3         Failure to timely file objections to the Magistrate Judge's Report and

4    Recommendation may result in the acceptance of the Report and Recommendation by the

5    district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

6    1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

7    Magistrate Judge will be considered a waiver of a party's right to appellate review of the

8    findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report

9    and Recommendation. *See* Fed. R. Civ. P. 72.

10        Dated this 16th day of December, 2015.

11

12

13                                   _____
                                     Honorable John Z. Boyle
14                                   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28